**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR DE LUNA-ENSALDO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 25-1379 Agency No. A216-625-982 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2026[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and BRESS, Circuit Judges.

Julio Cesar De Luna-Ensaldo, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals (BIA) decision denying his motion for

administrative closure and dismissing his appeal of an immigration judge's (IJ) order

denying his applications for asylum, withholding of removal, and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The IJ did not violate De Luna-Ensaldo's due process rights during his removal proceedings. "Claims of due process violations in deportation proceedings are reviewed de novo . . . ." *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 523 (9th Cir. 2000). "An immigration decision violates due process if the proceeding was 'so fundamentally unfair that the [applicant] was prevented from reasonably presenting his case.'" *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (quoting *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 380 (9th Cir. 2003) (en banc)). "To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice," *id.*, which "is essentially a demonstration that the alleged violation affected the outcome of proceedings." *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000).

An individual in removal proceedings "is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). However, De Luna-Ensaldo fails to identify any testimony or evidence he was unable to offer. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("In considering whether [an applicant] received due process, the critical question is whether the IJ's actions prevented the introduction of significant testimony." (quotations and alterations

omitted)).  During the proceedings, the IJ aided De Luna-Ensaldo in presenting affirmative testimony by asking "multiple broad questions to elicit testimony explaining why [he] was 'afraid to return to [his home country].'"  *Id.* at 643.  The IJ also properly "developed the record in its role as an independent fact-finder" and "repeatedly sought clarification of [the petitioner's] answers and gave him multiple opportunities to expand his testimony."  *Id.*

Additionally, De Luna-Ensaldo fails to show prejudice, because he does not point to any evidence undermining the IJ's dispositive rulings that (1) he failed to establish a nexus between the harm he feared and a protected ground; and (2) he could avoid the harm he feared by relocating within Mexico.  *See Lata*, 204 F.3d at 1246 ("[W]e will not simply presume prejudice.").

De Luna-Ensaldo also argues that the IJ violated his due process rights by granting him voluntary departure when he allegedly had not requested that relief.  However, De Luna-Ensaldo never challenged the IJ's voluntary departure order before the BIA, so this argument is not exhausted.  *See* 8 U.S.C. § 1252(d)(1); *see also Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust[.]").  Nor has De Luna-Ensaldo showed prejudice when, per the BIA's decision, the filing of a petition for review meant that "the grant of voluntary departure is automatically terminated."

2. The BIA did not abuse its discretion by denying De Luna-Ensaldo's request for administrative closure. *See Marquez-Reyez v. Garland*, 36 F.4th 1195, 1208 (9th Cir. 2022) (standard of review). Administrative closure is a "temporary suspension of a case" that "removes a case from the Board's docket until the case is recalendared." 8 C.F.R. § 1003.1(*l*). It is appropriate "when the parties are await[ing] an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018) (quotation omitted). The BIA determines whether administrative closure is appropriate in a given case based on "the totality of the circumstances." 8 C.F.R. § 1003.1(*l*)(3).

De Luna-Ensaldo argues that the BIA should have granted his request for administrative closure so that he could pursue a U visa. But the BIA did not abuse its discretion in determining that administrative closure was unwarranted because De Luna-Ensaldo did not demonstrate plausible prima facie eligibility for a U visa. As the BIA observed, De Luna-Ensaldo's Form I-918 "U Nonimmigrant Status Certification" was not signed by a certifying officer. *See Perez Perez v. Wolf*, 943 F.3d 853, 857–58 (9th Cir. 2019) (confirming that a petitioner applying for a U visa must submit a certification document completed and signed by an appropriate certifying official). De Luna-Ensaldo was also not the person who filed the

underlying police report. *See* 8 C.F.R. § 214.14(b)(3) (requiring U visa applicants to show they will be "helpful to a certifying agency" in investigating criminal activity); 8 U.S.C. § 1101(a)(15)(U)(i) (same).

3. There is no error in the BIA's determination that De Luna-Ensaldo waived any challenge to the merits of the IJ's asylum, withholding, and CAT rulings, because, beyond his due process arguments, he did not raise any such challenge before the BIA. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019) (holding that the petitioner had waived any challenge to the IJ's merits determination because a "review of [the petitioner's] brief to the BIA confirms that he did not argue that he was entitled to relief").

**PETITION DENIED.**[1]

---

[1] De Luna-Ensaldo's motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.